WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | No. CR 16-1466-TUC-CKJ |
| vs. ) | |
| ) | **ORDER** |
| Jasleen Icedo, ) | |
| Defendant. ) | |

Pending before the Court is the Petition to Expunge Marijuana-Related Offense Records and Restore Civil Rights, Including Firearm Rights, Pursuant to ARS § 36-2862 (Doc. 110) filed by Defendant Jasleen Icedo ("Icedo"). The government has filed a response (Doc. 111).

*Procedural Background*

On September 28, 2016, Icedo pleaded guilty, pursuant to a plea agreement, to Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). On January 26, 2017, Icedo was sentenced to a term of time served followed by a 36 month term of supervised release.

Icedo's term of supervised release was terminated early on or about March 8, 2019.

*Expungement and Restoration of Rights*

Icedo requests her marijuana-related offense be expunged and her civil rights be restored pursuant to Arizona statute. However, Icedo has not provided any authority that the Arizona statute authorizes this Court to take such action as to a federal conviction. Indeed, the form submitted by Icedo refers to the Superior Court of Arizona, while the United States District Court has been handwritten into the form.

Moreover, the statute does not authorize expungement for marijuana-related conspiracy cases. Rather, the statute allows for expungement of, e.g., convictions involving possession, using, or transporting marijuana. *See* A.R.S. §36-2862. In fact, the form submitted by Icedo similarly lists those types of convictions and Icedo did not select any option for her type of conviction.

Additionally, the Ninth Circuit has recognized "two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). In *Crowell*, the court discussed some statutory authority for expungement of records (e.g., simple possession, where defendant was less than 21 at time of the offense). However, the Ninth Circuit did not discuss any statutory authority for expungement of a felony conspiracy conviction. Furthermore, this Court has not found any statutory authority for the expungement of such a conviction.

In recognizing the district court's inherent authority to expunge criminal records in appropriate and extraordinary cases, the Ninth Circuit held that such authority does not include the power to expunge a record solely for equitable considerations. *Id.*, at 793, *citing United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). Rather, the district court's authority is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*.

The Ninth Circuit has stated:

> There is no suggestion that Smith's arrest or conviction was in any way unlawful or invalid, or that the government engaged in any sort of misconduct. Nor are we

presented with any other factor which could outweigh the government's interest in maintaining criminal records. The harms alleged by Smith and noted by the district court, including disbarment and a possible prohibition against reenlistment, are not unusual or unwarranted. Instead, they are the natural and intended collateral consequences of having been convicted. Were we to deem them sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.

*United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) The appellate court vacated the district court's order of expungement in *Smith*.

Similarly, Icedo has not suggested her arrest or conviction was unlawful or invalid. Nor has she suggested that the government engaged in any sort of misconduct. Rather, the enactment of a state statute, which does not purport to apply to federal convictions, is not a sufficient basis to authorize the Court to order expungement of Icedo's conviction and restore her civil rights. *See e.g., United States v. Vasquez*, 74 F.Supp.2d 964 (S.D.Cal. 1999).

Accordingly, IT IS ORDERED:

1. The Petition to Expunge Marijuana-Related Offense Records and Restore Civil Rights, Including Firearm Rights, Pursuant to ARS § 36-2862 (Doc. 110) is DENIED.

2. The Clerk of the Court shall mail a copy of this Order to Icedo at the following address:

> Jasleen Icedo
> 6545 N. 71st Ave.
> Glendale, AZ  85303

DATED this 21st day of January, 2022.

_____
Cindy K. Jorgenson
United States District Judge